**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PB LUBE, INC. D/B/A AURORA OIL AND LUBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cause No. |
| | ) | |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. AND SAFETY-KLEEN SYSTEMS, INC., | ) ) ) | NOTICE OF REMOVAL |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendants Clean Harbors Environmental Services, Inc. ("Clean Harbors") and Safety-Kleen Systems, Inc. ("Safety-Kleen"), by undersigned counsel, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the 18th Judicial Circuit Court of DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Clean Harbors and Safety-Kleen are entitled to remove this action based on diversity jurisdiction under 28 U.S.C. § 1332. As further grounds for removal, Clean Harbors and Safety-Kleen state as follows:

1. This action was filed by Plaintiff PB Lube Inc. d/b/a Aurora Oil and Lube ("PB Lube") on October 27, 2023, in the 18th Judicial Circuit Court of DuPage County, bearing Case No. 2023LA001145.

2. Venue for the removal of this action is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1) and 1442(a) because the 18th Judicial Circuit Court of DuPage County is located within the Northern District of Illinois, Eastern Division.

10355684.1

3. Pursuant to 28 U.S.C. § 1446 (a), a copy of all pleadings filed in the record of the state court action are attached hereto as **Exhibit "A"**.

4. The Complaint alleges that Plaintiff is an Illinois corporation and maintains its principal place of business in Illinois. (Ex. A, Complaint and Summons)

5. Clean Harbors Environmental Services, Inc. is a Massachusetts corporation and maintains its principal place of business at 42 Longwater Drive, Norwell, MA.

6. Safety-Kleen Systems, Inc. is a Wisconsin corporation and maintains its principal place of business at 42 Longwater Drive, Norwell, MA.

7. Clean Harbors and Safety-Kleen were served with the complaint on November 22, 2023. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

8. Plaintiff's Complaint pleads counts of negligence, fraudulent misrepresentation, and breach of contract arising out of a spill of waste oil into the environment in April 2022. Counts I and II are brought against Safety-Kleen seeking damages for "$15,805.28 paid to the City of Aurora, devaluation of the property due to uncontained oil seepage, reputational harm in the in surrounding community as the entity responsible for environmental remediation, and for additional remediations services." Count III is brought against Clean Harbors for breach of contract. Clean Harbors invoiced PB Lube $288,411.77 for the work performed, which remains unpaid. (**Exhibit B**, Clean Harbors invoices). Plaintiff's Complaint also seeks compensatory, consequential and punitive damages.

10. Pursuant to 28 U.S.C. § 1446(d), Clean Harbors and Safety-Kleen are serving a copy of this Notice of Removal upon Plaintiff and filing a copy with the 18th Judicial Circuit Court Clerk of DuPage County.

10355684.1

I. **Removal is Proper Based on Diversity Jurisdiction**

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists if two requirements are met. First, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Second, there must be complete diversity between the plaintiff and the defendants. *See, e.g.*, *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Complete diversity exists if the suit is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

12. For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see, e.g.*, *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

13. Plaintiff is a citizen of Illinois. Neither Defendant is a citizen of Illinois. Therefore, complete diversity among the parties exists in this action.

II. **The Amount In Controversy Requirement Is Satisfied.**

14. The amount in controversy requirement is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89(2014). The amount in controversy here is plainly in excess of the jurisdictional minimum.

15. Because there is complete diversity of citizenship between Plaintiff and the Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by Clean Harbors and Safety-Kleen on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441.

WHEREFORE, Clean Harbors and Safety-Kleen hereby removes this action from the 18th Judicial Circuit Court of DuPage County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

    Attorneys for Defendant, SAFETY-KLEEN SYSTEMS, INC.

    */s/ David M. Heilmann*
    DAVID M. HEILMANN

DAVID M. HEILMANN
(DHEILMANN@CLAUSEN.COM)
CLAUSEN MILLER P.C.
10 South LaSalle
Chicago, IL 60603
(312) 855-1010
Firm I.D. No. 90181
Attorneys Defendant, SAFETY-KLEEN SYSTEMS, INC.

10355684.1