

**CT Corporation**
**Service of Process Notification**
11/22/2023
CT Log Number 545205648

## Service of Process Transmittal Summary

**TO:** Michael McDonald, Principal
Clean Harbors, Inc.
42 Longwater Dr
Norwell, MA 02061-1612

**RE:** Process Served in Illinois

**FOR:** Clean Harbors Environmental Services, Inc. (Domestic State: MA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | PB LUBE, INC. d/b/a AURORA OIL AND LUBE vs. CLEAN HARBORS ENVIRONMENTAL SERVICES INC. |
| **CASE #:** | 2023LA001145 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/22/2023 at 15:08 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Michael McDonald  mcdonaldm@cleanharbors.com |
| | Email Notification, Brad Carl  carl.brad@cleanharbors.com |
| | Email Notification, Monica Murphy-Rodgers  MURPHYMO@CLEANHARBORS.COM |
| | Email Notification, Ilinca Butnariu  butnariu.ilinca@cleanharbors.com |
| | Email Notification, Katrina Scarsciotti  scarsciotti.katrina@cleanharbors.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604
877-564-7529
MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit A

SUMMONS - CIRCUIT COURT     SCR 101(d)                                                     3101 (Rev. 5/23)

**STATE OF ILLINOIS**      **UNITED STATES OF AMERICA**      **COUNTY OF DU PAGE**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

| PB Lube, Inc. d/b/a Aurora Oil and Lube | 2023LA001145 | |
|---|---|---|
| PLAINTIFF | CASE NUMBER | |
| vs | | |
| Clean Harbors Environmental Services Inc. and Safety-Kleen Systems Inc. | **SUMMONS** CIRCUIT COURT | |
| DEFENDANT | ☒ ORIGINAL ☐ ALIAS | File Stamp Here |

To each Defendant: **Clean Harbors c/o C T CORP SYSTEM 208 SO LASALLE ST, SUITE 814 CHICAGO, IL 60604-1101**

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

You are a party to a civil matter. Read all documents attached to this Summons. Typically, this means you must file an official document with the court, within the time stated on this Summons, called an "Appearance" and a document called an "Answer/Response". Note the Answer/Response is not required for small claims and eviction cases unless ordered by the court. If these documents are not filed on time the court may decide the case without hearing from you, and you could be held in default and lose the case.

Documents must be filed electronically with the court (e-filed), which requires an account be created with an Illinois e-filing service provider, see ilcourts.info/efiling. If you are unable to e-file, you can obtain an exemption that allows filing in-person or by mail.

You may be charged filing fees. If you are unable to pay them, you can file an Application for Waiver of Court Fees. A judge will rule on your eligibility for a fee waiver.

The court may allow you to attend the first court date in this case by videoconference. Visit 18thjudicial.org to find the Zoom link for this case on your court date. Contact the Circuit Court Clerk's office at (630)407-8700 for more information.

Need more help? Visit ilcourthelp.gov or call/text Illinois Court Help at (883)411-1121 for information about going to court, including how to fill out legal documents. Also, free legal information and referrals are available at illinoislegalaid.org. Document forms referred to in this Summons can be found at 18thjudicial.org or ilcourts.info/forms.

¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al (883)411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

Date of Service: _____
To be inserted by officer on copy left with Defendant or other person.

Name **Wilford LLP/ A. D'Agostino**    ☐ Pro Se
DuPage Attorney Number: **359614**
Attorney for: **Plaintiff**
Address: **330 E. Main St., Ste. 3A**
City/State/Zip: **Barrington, IL 60010**
Telephone Number: **224.848.4724**
Email: **adagostino@wilfordllp.com**

WITNESS: **CANDICE ADAMS**, Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, at Wheaton, Illinois.

DATED: 11/15/2023 3:54 PM
KB

/s/ Candice Adams
Eighteenth Judicial Circuit

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187-0707

Exhibit A

SUMMONS - CIRCUIT COURT    SCR 101(d)                            3101 (Rev. 5/23)

## SHERIFF'S FEES

Service and return .................................................................. $ _____

Miles _____ ........................................................... $ _____

**Total** ............................................................................................... $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐ (a) (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐ (b) (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐ (c) (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐ (d) (Other service):

☐ (e) (Unable to Serve):
By _____ , Deputy Badge Number: _____

Name of Defendant _____     Name of Defendant _____

Name of Person summons given to _____     Name of Person summons given to _____

Sex_____ Race_____ Approximate age_____     Sex_____ Race_____ Approx. age_____

Place of service _____     Place of service _____

City, State _____     City, State _____

Date of service _____ Time _____     Date of service _____ Time _____

Date of Mailing _____     Date of Mailing _____

                                          Sheriff of _____ County

Special Process Server of _____     County Illinois License # _____

                                          By _____

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187-0707**

Exhibit A

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 24980119
2023LA001145
FILEDATE: 10/27/2023 3:39 PM
Date Submitted: 10/27/2023 3:39 PM
Date Accepted: 10/27/2023 4:10 PM
SK

| | |
|---|---|
| PB LUBE, INC. d/b/a AURORA OIL AND LUBE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. |
| CLEAN HARBORS ENVIRONMENTAL SERVICES INC. and SAFETY-KLEEN SYSTEMS INC. | ) ) ) 2023LA001145 ) |
| Defendants. | ) ) |

**VERIFIED COMPLAINT**

Plaintiff, PB Lube, Inc. d/b/a Aurora Oil and Lube, by and through its attorneys, Wilford LLP, as and for its Verified Complaint against Defendants, Clean Harbors Environmental Services, Inc. and Safety-Kleen Systems, Inc., states and alleges as follows:

**PARTIES**

1. Plaintiff, PB Lube, Inc. d/b/a Aurora Oil and Lube ("PB Lube"), is an Illinois corporation. PB Lube's principal address is 633 Prairie, Barrington, IL 60010 and it owns and operates an oil change center located at 2944 Weber Drive, Aurora, IL 60502 (the "Property").

2. On information and belief, Defendant, Clean Harbors Environmental Services, Inc. ("Clean Harbors"), is a Massachusetts corporation, whose principal address is 42 Longwater Drive, Norwell, MA 02061. Clean Harbors maintains and operates business offices in Illinois, including locations at 645 E. 138th Street, Dolton, IL 60419 and 1506 East Villa Street, Elgin, IL 60120

3. Clean Harbors advertises that provides a wide variety of environmental field services on a scheduled or emergency basis, including the collection and transportation of wet or dry, hazardous and non-hazardous materials, decontamination services, and large-scale, complex site

Exhibit A

cleanup projects that meet with corporate or regulatory cleanup requirements. *See,* https://www.cleanharbors.com/services/industrial-field-services/field-services. (Visited on 10/3/2023).

4. On information and belief, Defendant, Safety-Kleen Systems Inc. ("Safety-Kleen"), is a Wisconsin corporation, whose principal address is 42 Longwater Drive, Norwell, MA 02061. Safety-Kleen maintains and operates a business office located at 645 E. 138th Street, Dolton, IL 60419.

5. Safety-Kleen advertises that it provides environmental services to a diverse range of businesses, including the pickup and disposal of liquids, high solids, oily water or sludge, the proper cleaning and sanitizing of machine tool sumps and removal of all associated waste, and emergency response services employing the best practices and affordable techniques for handling environmental projects in the most responsible manner. *See,* https://www.safety-kleen.com/. (Visited on 10/3/2023).

6. On information and belief, Clean Harbors and Safety-Kleen are "sister companies" and subsidiaries of Clean Harbors, Inc.

7. Safety-Kleen advertises itself as "A Clean Harbors Company." *Id.*

**THE WASTE OIL SPILL AND INITIAL CLEANUP**

8. On or about April 3, 2022, PB Lube discovered a waste oil spill in the basement of the Property.

9. PB Lube called Mr. Dan Patzshke for assistance and advice regarding the collection, cleanup and remediation of the waste oil spill.

10. PB Lube called Mr. Patzshke because of his work experience with both Clean Harbors and Safety-Kleen. On information and belief, Mr. Patzshke served, or serves, as a Manager at Safety-Kleen and a Senior Vice President at Clean Harbors.

Exhibit A

11. PB Lube relied upon Mr. Patzshke's superior knowledge and expertise via his employment with Safety-Kleen and/or Clean Harbors to properly advise PB Lube as to the proper course of action and remedy for addressing the waste oil spill at the Property.

12. By informing Mr. Patzshke of the waste oil spill, PB Lube entrusted Mr. Patzshke to appropriately advise whether the services of Safety-Kleen, Clean Harbors, or both, were necessary at the Property.

13. On or about April 4, 2022, Mr. Patzshke dispatched a single Safety-Kleen vacuum truck to pump the oil out of the basement at the Property.

14. Neither Mr. Patzshke nor any representative from Safety-Kleen and/or Clean Harbors visited the Property to assess whether the single vacuum truck would be sufficient to address the waste oil spill at the Property and/or determine whether emergency cleanup services were necessary to prevent environmental contamination at or around the Property.

15. When the operator (on information and belief, Mr. Eric Korsgren) of the Safety-Kleen vacuum truck arrived at the Property, he represented to his Safety-Kleen supervisor (on information and belief, Mr. Rick Schuster) that the waste oil spill exceeded the cleanup capabilities and capacity of the dispatched vacuum truck.

16. Despite the Safety-Kleen vacuum truck operator's observations and representations to his supervisor, no one else from Safety-Kleen and/or Clean Harbors visited the Property to determine whether emergency cleanup equipment or services were necessary to prevent environmental contamination at the Property.

17. After the Safety-Kleen vacuum truck operator left the Property, PB Lube called Mr. Patzschke to confirm that no additional remediation and/or preventative measures were needed at the Property.

Exhibit A

18. Mr. Patzschke represented that the waste oil spill was remediated and that PB Lube could resume regular operations.

## PB LUBE REQUESTS ADDITIONAL REMEDIATION

19. Approximately 10 days after Safety-Kleen represented that the waste oil spill was remediated, the City of Aurora notified PB Lube of a hazmat condition involving an oil spill, traveling through storm sewers, into 2 nearby retention ponds.

20. The City of Aurora identified the Property as the source of the oil spill, forcing PB Lube to call Mr. Patzschke, again.

21. On or about April 13, 2022, PB Lube demanded that Mr. Patzschke provide a more comprehensive response to the waste oil spill than provided earlier in the month.

22. This time, Mr. Patzschke dispatched Clean Harbors field technicians to attend to the waste oil spill at the Property.

23. With oil seeping into nearby retention ponds, the City of Aurora demanding that PB Lube take action and immediate remediation needed, Clean Harbors presented PB Lube with a form contract for ongoing cleanup services.

24. Over the next 2 months, Clean Harbors attended to the waste oil spill and invoiced PB Lube for the use of remediation equipment.

25. Clean Harbors invoices originated from an office located at 1506 East Villa Street, Elgin, IL 60120.

26. PB Lube regularly observed Clean Harbors' field technicians at or near the Property standing idly instead of working to remediate and cleanup the waste oil spill.

27. On at least 2 occasions, PB Lube observed that Clean Harbors' oil absorption booms were no longer properly located in the nearby retention ponds.

Exhibit A

28. No one at Clean Harbors noticed that the retention ponds' water levels receded below the booms, rendering them ineffective. On these occasions, PB Lube, not Clean Harbors, repositioned the oil absorption booms so they would remain in the retention ponds as intended.

29. At or around this time, Clean Harbors' technicians admitted to being too busy to properly attend to the waste oil spill at the Property.

30. As Clean Harbors' cleanup efforts seemingly neared completion, Clean Harbors represented that the waste oil spill was entirely remediated.

31. Based on Clean Harbors' representations, PB Lube reactivated its pump system at the Property only to discover more oil entering the City of Aurora's storm sewer system.

32. On August 8, 2022, the City of Aurora billed PB Lube $15,805.28 for emergency response services rendered on or about April 13, 2022 in connection with the discovery of oil in retention ponds near the Property.

### COUNT I – NEGLIGENCE
### (Defendant Safety-Kleen)

33. PB Lube hereby reincorporates each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

34. Prior to the waste oil spill at the Property, PB Lube relied upon Safety-Kleen to provide regular oil collection services.

35. The waste oil spill at the Property caused PB Lube to call Mr. Patzschke for advice on the proper course of action and remedy for addressing a potentially hazardous environmental situation.

36. PB Lube did not call Mr. Patzschke for regular oil collection services.

Exhibit A

37. PB Lube relied upon Mr. Patzschke's expertise and familiarity with the services of Safety-Kleen and Clean Harbors, to select and dispatch the appropriate response to the waste oil spill at the Property.

38. Mr. Patzschke dispatched a Safety-Kleen vacuum truck to clean up the waste oil spill at the Property.

39. At all times relevant hereto, Safety-Kleen owed a duty to act with ordinary care for the safety of the public, and specifically to PB Lube, while engaged in waste oil spill cleanup efforts.

40. PB Lube entrusted Safety-Kleen to exercise reasonable care when engaged in cleanup efforts at the Property.

41. Safety-Kleen's failure to exercise and/or disregard of its duty to exercise reasonable care at the Property is illustrated by, and not limited to, the following:

   a. the failure to inspect and/or analyze the scope of the waste oil spill at the Property before recommending a cleanup method;

   b. the failure to provide alternate cleanup equipment, remediation, or services upon recognizing that the vacuum truck dispatched to the Property could not fully or adequately address the waste oil spill;

   c. the failure to inspect, review, ensure that the cleanup services rendered completely remediated the waste oil spill at the Property;

   d. the representation that the waste oil spill at the Property was remediated and no further action was necessary; and

   e. Otherwise engaged in negligent, careless, and reckless conduct in the provision of cleanup services.

42. As a direct and proximate result of one or more of the aforementioned negligent acts/omissions of Safety-Kleen, PB Lube sustained damages in the form of the $15,805.28 paid to the City of Aurora, devaluation of the Property due to uncontained oil seepage, reputational harm in the surrounding community as the entity responsible for environmental contamination, and for additional

Exhibit A

remediation services necessitated by Safety-Kleen's incomplete and inadequate response to PB Lube's request for cleanup services at the Property.

43. Furthermore, the acts and omissions of Safety-Kleen were willful, wanton, in reckless disregard of PB Lube's rights, and Safety-Kleen's duties to PB Lube and/or grossly negligent.

WHEREFORE, PB Lube respectfully requests that this Court enter Judgment against Safety-Kleen for compensatory damages, consequential damages, punitive damages, costs of suit, attorney's fees, prejudgment and post-judgment interest and such further relief as the Court deems just and proper.

### COUNT II – FRAUDULENT MISREPRESENTATION
### (Defendant Safety-Kleen)

44. PB Lube hereby reincorporates each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

45. During and after the provision of cleanup services at the Property, Safety-Kleen represented to PB Lube that a single vacuum truck was an adequate remediation solution and that the waste oil spill at the Property had been cleaned and contained to allow PB Lube to resume business operations.

46. At the time of the above representation, Safety-Kleen knew or should have known the representation was false.

47. Safety-Kleen knew, or should have known, the vacuum truck dispatched to the Property could not fully address the waste oil spill.

48. Furthermore, Safety-Kleen knew more comprehensive emergency cleanup services were needed to address the waste oil spill at the Property. Alternatively, Safety-Kleen acted in conscious disregard of its duty to assess the scope of the waste oil spill and dispatch the appropriate cleanup equipment and services.

7

Exhibit A

49. Safety-Kleen knew PB Lube would rely upon whatever cleanup equipment and services that Mr. Patzschke dispatched and would not insist on more comprehensive emergency cleanup services unless Mr. Patzschke deemed them necessary.

50. Safety-Kleen also knew PB Lube would rely upon Safety-Kleen's representation that the waste oil spill was remediated.

51. Safety-Kleen also knew that an incomplete cleanup at the Property would allow the waste oil spill to worsen and require PB Lube to engage Safety-Kleen and/or its sister-company, Clean Harbors for emergency cleanup services at a substantial premium.

52. Given the risks presented by environmental contamination, PB Lube reasonably assumed that Safety-Kleen would require and dispatch a solution to the waste oil spill at the Property that would ensure no further seepage or harm at or near the Property.

53. PB Lube's reliance upon Safety-Kleen's statements and actions was justified due to Safety-Kleen's and Mr. Patzschke's expertise, as well PB Lube's long-standing relationship with Mr. Patzschke.

54. As a direct and proximate result of Safety-Kleen's statements and actions, PB Lube sustained damages in the form of the $15,805.28 paid to the City of Aurora, devaluation of the Property due to uncontained oil seepage, reputational harm in the surrounding community as the entity responsible for environmental contamination, and for additional remediation services necessitated by Safety-Kleen's incomplete and inadequate response to PB Lube's request for cleanup services at the Property.

WHEREFORE, PB Lube respectfully requests that this Court enter Judgment against Safety-Kleen for compensatory damages, consequential damages, punitive damages, costs of suit, attorney's

Exhibit A

fees, prejudgment and post-judgment interest and such further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (Defendant Clean Harbors)

55. PB Lube hereby reincorporates each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

56. On or about April 15, 2022, PB Lube entered into the Emergency Response Agreement with Clean Harbors.

57. Clean Harbors agreed to provide a more comprehensive response to the waste oil spill than provided by its sister-company, Safety-Kleen, earlier in the month, including but not limited to the "Containment, recovery, repackaging and removal of waste or other materials" and "Site evaluation, decontamination and restoration" services.

58. Clean Harbors' breach of the Emergency Response Agreement by its failure to perform its obligations under the Agreement is illustrated by, and not limited to, the following:

   a. the failure to fully remediate the Property so as to ensure that when PB Lube reengaged its pump system, oil would not continue to be pumped into the City of Aurora's stormwater system;

   b. the failure to confirm the Property's complete remediation prior to representing to PB Lube that no further action or cleanup was necessary; and

   c. the failure to properly place and maintain oil absorption booms around the City of Aurora's contaminated retention ponds.

59. As a direct and proximate result of Clean Harbors' breach, PB Lube sustained damages in the form of the $15,805.28 paid to the City of Aurora, devaluation of the Property due to uncontained oil seepage, reputational harm in the surrounding community as the entity responsible for environmental contamination, and for additional remediation services necessitated by Clean

Exhibit A

Harbors' incomplete and inadequate response to PB Lube's request for cleanup services at the Property.

WHEREFORE, PB Lube respectfully requests that this Court enter Judgment against Clean Harbors for compensatory damages, consequential damages, punitive damages, costs of suit, attorney's fees, prejudgment and post-judgment interest and such further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, PB Lube, Inc. d/b/a Aurora Oil and Lube, hereby demands trial by jury.

Dated: October 27, 2023

PB LUBE, INC. d/b/a AURORA OIL AND LUBE
Plaintiff,

By: *Anthony D'Agostino*
One of Its Attorneys

Anthony J. D'Agostino (#6299589)
Sabina B. Danek (#6325013)
WILFORD LLP
330 East Main Street
Suite 3A
Barrington, Illinois 60010
Phone: (224) 848-4721
Fax: (224) 425-5865
adagostino@wilfordllp.com
sdanek@wilfordllp.com
    DuPage Attorney # 359614 #CLK

Exhibit A

## VERIFICATION

Under penalty of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that he is authorized to make this Verification and that the statements set forth in the foregoing pleading are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he believes the same to be true.

PB LUBE, INC. d/b/a AURORA LUBE AND OIL.

By: _____

Exhibit A